**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael S. Dietz, Trustee,

        Plaintiff,

v.

Erich L. Spangenberg, Audrey E. Spangenberg, Christian Spangenberg, Stephen Peary, FPX, LLC, FP Tech Holdings, LLC, TechDev Holdings, LLC, Acclaim Financial Group, LLC, NMPP, Inc. and Walter Gates, III, P.A.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 11-2600 ADM/JJG

---

Michael S. Dietz, Esq., Scott J. Hoss, Esq., John C. Beatty, Esq., and Christopher D. Nelson, Esq., Dunlap & Seeger, P.A., Rochester, MN, on behalf of Plaintiff.

Timothy R. Thornton, Esq., Kevin M. Decker, Esq., and Leah Ceee O. Boomsma, Esq., Briggs & Morgan, P.A., Minneapolis, MN, on behalf of Defendants Audrey E. Spangenberg; Christian Spangenberg; TechDev Holdings, LLC; and Acclaim Financial Group, LLC.

Michelle Kriedler Dove, Esq., and Lewis A. Remele, Esq., Bassford Remele, Minneapolis, MN, on behalf of Defendants Erich Spangenberg and NMPP, Inc.

Richard D. Anigian, Esq., Haynes and Boone, LLP, Dallas, TX, on behalf of FP Tech Holdings, LLC and FPX, LLC.

Elizabeth Wiley, Esq., The Wiley Law Firm PC, Austin, TX, on behalf of Defendant Stephen Peary.

Peter J. Schwingler, Esq., and Todd A. Noteboom, Esq., Leonard Street and Deinard, P.A., Minneapolis, MN, on behalf of Defendants Audrey E. Spangenberg; Erich Spangenberg; Christian Spangenberg; TechDev Holdings, LLC; Acclaim Financial Group, LLC; NMPP, Inc.; and Stephen Peary.

Larry Ricke, Esq., and R. John Wells, Esq., Ricke & Sweeney, P.A., St. Paul, MN, on behalf of Defendant Walter J. Gates, III, P.A.

---

## I. INTRODUCTION

On February 20, 2013, the undersigned United States District Judge heard oral argument

on the issue of what level of review, if any, this Court should accord to Bankruptcy Court Judge Dennis D. O'Brien's October 1, 2012 Order Denying Motions for Summary Judgment [Docket No. 12] Attach. 12 ("Summary Judgment Order"). All Defendants have filed Objections [Docket No. 12] Attachs. 16, 17, to the Summary Judgment Order and argue the District Court must review the Summary Judgment Order de novo. The Plaintiff insists no review is warranted. For the reasons set forth below, the Court will review the Summary Judgment Order de novo.

## II. BACKGROUND

### A. Parties

Plaintiff Michael Dietz ("Trustee") is the Chapter 7 bankruptcy trustee for Firepond, Inc. ("Firepond"), a Delaware corporation with its principal place of business in Mankato, MN. Am. Compl. [Docket No. 12] Attach. 14 ¶¶ 1, 30.

Defendants Erich and Audrey Spangenberg are husband and wife. Id. ¶ 5. Between them, they are alleged to largely own and control all of the corporate Defendants. Id. ¶¶ 8-13, 15-20, 22-26. Defendant Christian Spangenberg is the Spangenbergs' son and allegedly owns 1% of one of the corporate Defendants. Id. ¶¶ 6, 14. Defendant Stephen Peary allegedly served as an officer and general counsel for Firepond and was an employee of corporate Defendants FP Tech Holdings, LLC ("FP Tech") and FPX, LLC ("FPX"). Id. ¶¶ 27-29. For the purposes of this Order, the Spangenbergs, corporate Defendants, and Peary are collectively referred to as the "Spangenberg Defendants."

Defendant Walter Gates, III, P.A. ("WJG") is a professional association located in Mankato, Minnesota that conducted a foreclosure sale of Firepond's assets. Id. ¶¶ 21, 142, 147, 155.

2

Defendant FP Tech is the only Defendant to have filed a proof of claim against the Firepond bankruptcy estate. See In re Firepond, Inc., Case No. 09-bk-32103 (Bankr. D. Minn.) Claim No. 6 (listing claim for $9,337,643 of which $9,185,643 is claimed as secured and $152,000 is claimed as unsecured).

**B. Claims**

The Trustee alleges the Spangenbergs and corporate Defendants, with the assistance of Peary, acquired a controlling interest in the common stock of Firepond, installed themselves and their designees as members of the Firepond board of directors, and formed corporate defendant FP Tech to acquire all of Firepond's secured debt for a fraction of the amount owed. Am. Compl. ¶¶ 30-82, 89-104, 129, 134-141. Thereafter, the Spangenberg Defendants improperly declared a default on the secured debt and orchestrated a flawed foreclosure sale conducted by WJG to foreclose on all of Firepond's assets. Id. ¶¶ 107-116, 119, 142-151, 156-159. The assets were then transferred to FPX, a company allegedly formed by Audrey and Erich Spangenberg to continue the Firepond business. Id. ¶¶ 133, 152-54, 160-63. The Amended Complaint alleges claims for fraudulent transfer, preferential transfer, turnover, and equitable subordination under §§ 548, 547, 542, and 510 of the Bankruptcy Code, respectively. Id. ¶¶ 185-245. The Amended Complaint also asserts common-law claims for breach of fiduciary duty; conversion, veil piercing/alter ego liability, and punitive damages. Id. ¶¶ 246-X.[1] Defendants deny the Trustee's allegations.

---

[1] The three paragraphs following ¶ 281 of the Amended Complaint are not enumerated but instead are prefaced with an "X." The citation pertains to all three of the paragraphs labeled "X." The Amended Complaint also includes a claim under § 105 of the Bankruptcy Code; however this claim was previously dismissed by the Bankruptcy Court and is not at issue in these proceedings. See Order, Aug. 3, 2011 [Docket No. 2] Attach. 8; Order, Aug. 3, 2011 [Docket No. 2] Attach 9.

## C. Procedural History

This case began in Bankruptcy Court and was assigned to Bankruptcy Judge Dennis D. O'Brien. On September 8, 2011, after Defendants demanded a jury trial and stated they did not consent to a bankruptcy judge conducting the trial, the case was transferred to District Court. See Order, Oct. 24, 2011 [Docket No. 4] at 1-2.[2] This Court determined the transfer was premature due to the early stage of the proceeding, and remanded the case to Bankruptcy Court until it was trial ready. Id. at 2-3.

In February of 2012, the Trustee filed a motion in Bankruptcy Court to amend the Complaint to add punitive damages and veil-piercing claims, and a motion to compel the Spangenberg Defendants to file documents under seal and modify their attorney-client privilege log. The Bankruptcy Court held a hearing on the Trustee's motions. See Thornton Aff. [Docket No. 44] Ex. 1 (Hr'g Tr., Mar. 22, 2012). During the hearing, Judge O'Brien stated, "I don't think I should be getting involved in making final, non-appealable rulings with respect to shaping the scope of what is going to be the evidence and for that matter getting [sic] a little ahead of myself here, but also making final orders supposedly that are non-appealable that deal with the scope of the complaint." Id. at 20:22-21:4. Based on this concern, Judge O'Brien stated he would continue the motions, and instructed the parties to file motions for summary judgment with the Bankruptcy Court: "So what I am going to do, then, you bring a motion for summary judgment. This is going to be continued. I am going to then continue it pending

---

[2] Defendants' motions to transfer were based solely on their Seventh Amendment right to a jury trial and their lack of consent to the Bankruptcy Court conducting the trial. See Spangenberg Defs.' Mot. Transfer [Docket No. 2] Attach. 12; Def. WJG's Mot. Transfer [Docket No. 2] Attach. 13. The Spangenberg Defendants specifically stated that Stern v. Marshall, 131 S. Ct. 2594 (2011), did "not have a direct impact on [their] Motion" to transfer. Spangenberg Defs.' Mot. Transfer at 2 n.1.

4

referral upstairs and I am going to transfer the case saying it's ready to be tried except for these two things . . . ." Id. at 33:18-25.  Thereafter, the Spangenberg Defendants, WJG, and the Trustee each filed a summary judgment motion in Bankruptcy Court.  See Pl.'s Mot. Summ. J. [Docket No. 10] Attach. 6; WJG's Mot. Summ. J. [Docket No. 10] Attach. 11; Spangenberg Defs.' Mot. Summ. J. [Docket No. 10] Attach. 12.

On October 1, 2012, Bankruptcy Judge O'Brien denied all three of the summary judgment motions, finding that disputed issues of fact precluded judgment as a matter of law. Summ. J. Order at 4.  The disputed issues of fact included: whether the Spangenberg Defendants held a security interest in the collateral foreclosed upon by Defendant FP Tech; whether a default existed by Firepond at the time of the foreclosure; whether Firepond was damaged as a result of Defendants' actions; and whether the foreclosure sale was conducted in a competent and professional manner.  Id. at 4-7.  The Summary Judgment Order concluded:  "the motions for summary judgment are denied, and to the extent they involve related proceedings, this order constitutes a report and recommendation of denial."  Id. at 7.

Judge O'Brien also issued separate orders granting the Trustee leave to amend the Complaint and ordering the Spangenberg Defendants to file documents under seal and amend their attorney-client privilege log.  See Orders, Oct. 1, 2012 [Docket No. 12] Attachs. 10, 11. These orders did not include the "recommendation" language found in the Summary Judgment Order.  See generally id.  The Bankruptcy Court then transferred the case back to District Court as "trial ready."  Order, Oct. 1, 2012 [Docket No. 12] Attach. 13.

On October 15, 2012, the Spangenberg Defendants and Defendant WJG filed Objections [Docket No. 12] Attachs. 16, 17, to the Bankruptcy Court's Orders and requested a de novo review by the District Court.  The Trustee responded that Defendants are not entitled to a review

5

of the Bankruptcy Court's Orders, because the Orders are non-final, and because Defendants consented to the Bankruptcy Court's hearing and deciding the motions. Pl.'s Resp. [Docket No. 30].

In November 2012, this Court held a status conference at which all parties agreed that the issue of whether and under what standard the District Court must review the Summary Judgment Order is a threshold issue in ruling on the Objections. Thereafter, the parties submitted further briefing and orally argued this limited issue.

### D. Parties' Positions

The Defendants argue the Bankruptcy Court lacked jurisdiction over the Trustee's claims and had no authority to decide them because the claims are traditional actions at common law that are not necessarily resolved by ruling on a creditor's proof of claim in bankruptcy. Thus, Defendants argue the Summary Judgment Order is void *ab initio*, and the issues should be visited afresh or reviewed de novo in District Court.

The Trustee responds that no review of the Summary Judgment Order is warranted, and the matter should proceed to trial. The Trustee argues the Bankruptcy Court's denial of summary judgment is an interlocutory order, and thus not reviewable. He also contends that all of the claims in this suit except for the breach of fiduciary duty claim are core proceedings which Judge O'Brien had the authority to finally adjudicate. Finally, the Trustee argues that even if the Bankruptcy Court lacked the judicial authority to hear and decide these proceedings, the Defendants consented to litigating them in Bankruptcy Court because they did not object to the Bankruptcy Court's authority over these matters until after Defendants' summary judgment motions had been denied.

## III. DISCUSSION

### A. Bankruptcy Court Jurisdiction

Bankruptcy Court jurisdiction is derived from 28 U.S.C. §§ 1334 and 157(a). Section 1334 vests district courts with jurisdiction of all cases under the Bankruptcy Code and all civil proceedings that arise under, arise in, or are related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(a)-(b). Section § 157(a) allows a district court to refer any or all cases and proceedings within this jurisdictional grant to the district's bankruptcy judges. All such cases and proceedings in this district are referred to the district's bankruptcy judges pursuant to Local Rule of Bankruptcy Procedure 1070-1 (D. Minn.). Here, there is no dispute that the Trustee's claims are, at a minimum, "related to" the Firepond bankruptcy case.[3] Therefore, the Bankruptcy Court has jurisdiction over these proceedings.

Contrary to Defendants' arguments, the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011) does not change this result. Stern did not pertain to a bankruptcy court's subject matter jurisdiction; rather, it delineated "the allocation of the authority as between the district court and the bankruptcy court to enter final judgments." Empire State Bldg. Co. v. N.Y. Skyline, Inc. (In re N.Y. Skyline, Inc.), 471 B.R. 69, 79 (Bankr. S.D.N.Y. 2012). As the Stern Court recognized, that allocation "does not implicate questions of subject matter jurisdiction." Stern, 131 S. Ct. at 2607.

---

[3] A proceeding is "related to" a case under the Bankruptcy Code if "the outcome . . . could conceivably have any effect on the estate being administered in bankruptcy." In re Titan Energy, Inc., 837 F.2d 325, 330 (8th Cir. 1988). The outcome of these proceedings could conceivably have an effect on the Firepond bankruptcy estate because the Trustee seeks damages and equitable relief that could impact the amount of estate property available to creditors and may affect the allowance of FP Tech's proof of claim.

**B. Level of Review**

The level of review applied to a bankruptcy court's factual and legal conclusions depends upon whether the bankruptcy court has judicial authority to enter final orders and judgments in a particular proceeding. Keats v. Council on Occupational Educ., Inc., Civ. No. 3:12-MC-0018-H, 2012 WL 6084646, at *1 (W.D. Ky. Dec. 6, 2012). If the bankruptcy court has such authority, its orders and judgments in that proceeding are reviewed by the district court "under the usual limited appellate standards. That requires marked deference to, among other things, the bankruptcy judge['s] findings of fact." Stern. at 2611 (citing 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8013).[4]

If, however, the bankruptcy court lacks judicial authority to enter final orders or judgments in a bankruptcy proceeding, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court unless all parties consent to the bankruptcy court's entry of final orders and judgments. 28 U.S.C. § 157(c)(1)-(2). Absent that consent, the district court reviews de novo any portion of the bankruptcy judge's proposed findings of fact and conclusions of law to which a party timely and specifically objects. 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d).

---

[4] Federal Rule of Bankruptcy Procedure 8013 states that, on appeal, a bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous."

1. **Final Authority**

A bankruptcy court has authority to enter final orders or judgments in a bankruptcy proceeding if the proceeding is a "core" proceeding under 28 U.S.C. § 157 and also satisfies the test for constitutionality announced by the Supreme Court in <u>Stern</u>. <u>See</u> <u>Stern</u>, 131 S. Ct. at 2618. Core proceedings under § 157 are proceedings that arise under the Bankruptcy Code or arise in a case under the Bankruptcy Code, and include but are not limited to the matters listed in § 157(b)(2). <u>See</u> 28 U.S.C. § 157(b)(1)-(2).

In <u>Stern</u>, the Supreme Court held that the allocation of authority to bankruptcy judges under § 157 exceeds the limits of Article III of the Constitution "in one isolated respect." 131 S. Ct. at 2620. Specifically, the Supreme Court held that a bankruptcy court's authority to enter final judgment in counterclaims by the estate against persons filing claims against the estate – proceedings described as "core" under § 157(b)(2)(C) – is not constitutional if the "state law counterclaim . . . is not resolved in the process of ruling on [the] creditor's proof of claim." <u>Id.</u> The Supreme Court reasoned that such claims resemble traditional actions at common law, and the responsibility for deciding those actions "rests with Article III judges in Article III courts." <u>Id.</u> at 2609. Thus, in determining whether a bankruptcy court has authority to finally adjudicate a core bankruptcy proceeding, "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." <u>Id.</u> at 2618. If the answer is "yes" to either of these prongs, a bankruptcy court has authority to enter final orders or judgments in the core proceeding, which are reviewed under the limited and deferential appellate standards. <u>See id.</u> at 2611. If the answer to both prongs of the inquiry is "no," a bankruptcy court may still hear the proceeding and propose findings of fact and conclusions of

9

law.[5]  However, unless all parties consent to the bankruptcy court's final adjudication of the proceeding, the district court must finally decide it.  See id. at 2607-08, 2620.

       **2.**      **Non-Final Authority**

A bankruptcy court lacks authority to enter final orders or judgments in proceedings that are not core but are merely "related to" a case under the Bankruptcy Code.  In those proceedings, a bankruptcy judge must "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."  28 U.S.C. § 157(c)(1).

**C. Trustee's Claims**

Turning to the Trustee's claims in this litigation, the Court finds the Bankruptcy Court has the judicial authority to issue final orders and judgments as to some of the claims, but lacks the authority to finally adjudicate others.[6]  For example, the Bankruptcy Court clearly has authority to enter a final order or judgment in the Trustee's preference and fraudulent transfer claims against FP Tech.  Those claims, sounding under §§ 547 and 548 of the Bankruptcy Code, respectively, are listed as core claims under 28 U.S.C. §§ 157(b)(2)(F) and (H).  Moreover, FP

---

[5] A bankruptcy court's retention of a non-core proceeding until all pre-trial matters within the bankruptcy court's judicial authority are completed promotes judicial economy by utilizing the bankruptcy court's expertise in the law of fraudulent and preferential transfers and the Bankruptcy Code's avoidance remedies.  Kelley v. Hofer (In re Petters Co., Inc.), 440 B.R. 805, 810 (Bankr. D. Minn. 2010).  Withdrawal or transfer of the case to the district court before the pre-trial proceedings have been completed "forgoe[s] the services of a bankruptcy court ready, willing and able to do its job."  Heller Ehrman LLP v. Arnold & Porter, LLP (In re Heller Ehrman LLP), 464 B.R. 348, 358 (N.D. Cal. 2011).

[6] In determining whether a proceeding is one which the bankruptcy court has authority to finally adjudicate, each cause of action is considered a separate "proceeding."  Christensen v. St. Paul Bank for Coops. (In re Fulda Indep. Co-op), 130 B.R. 967, 973 (Bankr. D. Minn. 1991).

Tech has filed a proof of claim in Firepond's bankruptcy case, and so the Trustee's claims for preferential and fraudulent transfers against FP Tech will necessarily be resolved in the claims allowance process. See Langenkamp v. Culp, 111 S. Ct. 330, 331 (1990) ("[T]he creditor's claim and the ensuing preference action by the trustee [are] integral to the restructuring of the debtor-creditor relationship . . . ."); Granfinanciera, S.A. v. Nordberg, 109 S. Ct. 2782, 2799 (1989) (holding that whether a fraudulent conveyance action arises as part of the claims allowance process depends upon whether the creditor has filed a proof of claim); Katchen v. Landy, 86 S. Ct. 467, 475-76 (1966) (finding preference claim is necessarily resolved in claims allowance process); 11 U.S.C. § 502(d) (stating "the court shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section . . . 547 [or] 548 . . . of this title").

However, this lawsuit also includes non-core claims over which the Bankruptcy Court lacks the authority to enter a final order. For example, the conversion claim is a non-core claim as to all Defendants with the possible exception of FP Tech, because the conversion claim is a purely state-law claim against entities that have not filed proofs of claim in the bankruptcy case. As such, the conversion claim is not a proceeding that "stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." Id. at 2618. The Trustee's breach of fiduciary duty claims are also non-core, as the Trustee conceded at oral argument.

The Trustee next argues Defendants consented to the Bankruptcy Court's final adjudication of any non-core claims by failing to object to the Bankruptcy Court's authority after remand and in their summary judgment briefing. However, at the March 22, 2012 Bankruptcy Court hearing, Defendants' counsel stated he was prepared to argue his position on the effect of Stern on these proceedings. Hr'g Tr., Mar 22, 2012 at 21:7-12. Judge O'Brien responded: "I have my ideas [on] how to handle them. I will get to that too." Id. at 21:13-14. Later in the

11

hearing, Judge O'Brien instructed the parties to file their summary judgment motions in the Bankruptcy Court and informed them he would refer the motions to this Court as a recommendation. Id. at 33:18-24. Under these circumstances, Defendants' conduct cannot be inferred as consent to the Bankruptcy Court's entry of final orders in these proceedings.[7]

## D. Interrelated Claims Require De Novo Review

The Bankruptcy Court's authority to finally adjudicate some claims and not others in this lawsuit raises the potential for two separate review standards: the limited and deferential appeal standards for the Trustee's core claims, and de novo review for the non-core claims. However, the claims over which the Bankruptcy Court does have final authority are so factually intertwined with those which the Bankruptcy Court may not finally decide that separate review

---

[7] The Court also rejects the Trustee's argument that a district court's de novo review under § 157(c)(1) applies only to a bankruptcy court's entry of final orders and does not apply to the non-final Summary Judgment Order. Judge O'Brien specifically intended that his ruling on the dispositive motions be reviewed by the district court if it determined that the motions involved non-core proceedings: "to the extent that [the summary judgment motions] involve related proceedings, this order constitutes a *report and recommendation* of denial." Summ. J. Order at 7 (emphasis added). This approach is consistent with other courts' views as to how a bankruptcy judge might handle a dispositive motion in a proceeding over which the bankruptcy judge lacks final adjudicative authority. See O'Connell v. Terranova (In re Adelphi Institute, Inc.), 112 B.R. 534, 539 (S.D.N.Y. 1990) (noting a bankruptcy court's power to "make proposed rulings upon any dispositive motions" in non-core proceedings); Kelley v. Eide Bailly, LLP (In re Petters Co., Inc.), 480 B.R. 346, 355 (Bankr. D. Minn. 2012) (finding the bankruptcy court was not required to submit a report and recommendation to the district court because the motion was not potentially dispositive).

Moreover, this Court has discretion to review interlocutory bankruptcy orders and will do so here because the Bankruptcy Court has completed all pre-trial work as to all of the Trustee's claims, and thus the Summary Judgment Order leaves the Bankruptcy Court with no further role in these proceedings. See In re M&S Grading, Inc., 526 F.3d 363, 368 (8th Cir. 2008) (recognizing district court's discretion to hear appeals from interlocutory orders and stating finality of a bankruptcy court order is determined in part by "the extent to which . . . the order leaves the bankruptcy court nothing to do but execute the order").

standards would be costly and counterproductive. All of the Trustee's claims, both core and non-core, pertain to the allegedly wrongful acquisition of Firepond's secured debt and foreclosure of Firepond's assets. See generally Am. Compl. Several key fact issues, including the value of Firepond's assets at the time of the bankruptcy filing and the validity of FP Tech's security interest in Fireponds assets, are potentially dispositive of core claims as well as non-core claims. Applying the appellate standards of review to the core claims while reviewing the non-core claims de novo would be an imprudent use of judicial resources and could lead to inconsistent results. Thus, this Court will review the Summary Judgment Order de novo as to all matters to which Defendants have objected. Cf. French v. Johnson Law Group (In re Kohlenberg), Adv. No. 10-3390, 2012 WL 3292854, at *4 (Bankr. N.D. Ohio Aug. 10, 2012) (submitting proposed findings and fact and conclusions of law on interrelated core and non-core claims "in the interest of judicial efficiency and economy"); Blackwell v. Zollino (In re Blackwell), 267 B.R. 724, 731 (Bankr. W.D. Tex. 2001) (finding claims not necessarily within the ambit of the Seventh Amendment were "sufficiently intertwined as a factual matter" to require submission of all common factual issues to a jury).

**E.  Additional Briefing**

At oral argument on the standard of review issue, both parties expressed a desire to submit additional briefing in the event that the Court determined that a de novo review of the Summary Judgment Order was warranted. Therefore, the Court will allow each party to submit supplemental briefs not to exceed 5,000 words, to be filed on or before April 25, 2013, and supplemental response briefs not to exceed 2,000 words, to be filed on or before May 10, 2013. At that time, the Court will determine whether to hold oral argument or take the matters under advisement.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Court will conduct a de novo review of the Summary Judgment Order in ruling on Defendants' Objections [Docket No. 12] Attachs. 16, 17; and

2. The parties shall submit supplemental briefs in accordance with the briefing schedule set forth in Section III.E., above.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 8, 2013.