UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael S. Dietz, Trustee,

            Plaintiff,                    **MEMORANDUM OPINION
    AND ORDER**
v.                                      Civil No. 11-2600 ADM/JJG

Erich L. Spangenberg, Audrey E.
Spangenberg, Stephen
Peary, FPX, LLC, FP Tech Holdings, LLC,
TechDev Holdings, LLC, Acclaim Financial
Group, LLC, and NMPP, Inc.,

            Defendants.

_____

Michael S. Dietz, Esq., Scott J. Hoss, Esq., John C. Beatty, Esq., and Christopher D. Nelson, Esq., Dunlap & Seeger, P.A., Rochester, MN, on behalf of Plaintiff.

Timothy R. Thornton, Esq., Kevin M. Decker, Esq., and Leah Ceee O. Boomsma, Esq., Briggs & Morgan, P.A., Minneapolis, MN, on behalf of Defendants Audrey E. Spangenberg; TechDev Holdings, LLC; and Acclaim Financial Group, LLC.

Michelle Kriedler Dove, Esq., and Lewis A. Remele, Esq., Bassford Remele, Minneapolis, MN, on behalf of Defendants Erich L. Spangenberg and NMPP, Inc.

Elizabeth Wiley, Esq., The Wiley Law Firm PC, Austin, TX, on behalf of Defendant Stephen Peary.

Peter J. Schwingler, Esq., and Todd A. Noteboom, Esq., Stinson Leonard Street, LLP, Minneapolis, MN, on behalf of Defendants Audrey E. Spangenberg; Erich Spangenberg; FPX, LLC; FP Tech Holdings, LLC; TechDev Holdings, LLC; Acclaim Financial Group, LLC; NMPP, Inc.; and Stephen Peary.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on the Defendants' Motion in Limine [Docket No. 76] and Defendants Audrey and Erich Spangenberg's (collectively, the "Spangenbergs") Motion to Quash [Docket No. 79]. For the reasons below, the Motion in Limine is denied, and the Motion to Quash is granted. Additionally, the Plaintiff will

be ordered to appear for a deposition prior to trial in this case.

## II. BACKGROUND

This bankruptcy adversary proceeding arises out of a series of transactions in which Defendant FP Tech Holdings, LLC ("FP Tech") acquired all of the first-priority secured debt of Firepond, Inc. ("Firepond") from third-party note holders, declared a default and foreclosed on the debt, acquired all of Firepond's assets at the foreclosure sale, and transferred the assets to a newly formed company, Defendant FPX, LLC ("FPX"), which now operates as "FPX fired by Firepond." At the time of the transactions, the chair of Firepond's board of directors, Audrey Spangenberg, was also the CEO of FP Tech and FPX.

Approximately nine weeks after the foreclosure sale, Firepond filed for Chapter 7 bankruptcy protection. See In re Firepond, Inc., Case No. 09-bk-32103 (Bankr. D. Minn. 2009). Michael Dietz (the "Trustee") was appointed as the Chapter 7 Trustee of Firepond's bankruptcy estate. In this role, the Trustee was required under § 704(a)(4) of the Bankruptcy Code to "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a)(4). The Trustee sought and obtained the Bankruptcy Court's authorization to act as attorney for the Firepond bankruptcy estate pursuant to § 327(d) of the Bankruptcy Code.[1] See Order Approving Employment, June 25, 2009 [Firepond Bankruptcy Docket No. 8].

In March 2011, the Trustee filed this adversary proceeding in Bankruptcy Court alleging claims for fraudulent transfer, equitable subordination, breach of fiduciary duty, and alter ego liability based on events leading up to and including the foreclosure sale. See Dietz v.

---

[1] Section 327(d) of the Bankruptcy Code provides: "The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d).

Spangenberg, Case No. 11-bk-3074 (Bankr. D. Minn 2011), Am. Compl. [Bankruptcy Adversary Proceeding Docket No. 172]. The Bankruptcy Court, again pursuant to § 327(d) of the Bankruptcy Code, authorized the Trustee and his law firm to serve as counsel for the Trustee in the adversary proceeding. Order Approving Employment, March 8, 2011 [Firepond Bankruptcy Docket No. 16].

All Defendants originally demanded a jury trial on the claims alleged in the adversary proceeding, but the parties have recently stipulated that only the claim of fraudulent transfer will be tried by a jury with the remaining equitable claims to be tried to the Court.[2] The trial is scheduled to begin in this Court on March 27, 2014. In anticipation of trial, Defendants have filed a motion in limine seeking to exclude the Trustee's testimony. Defendants argue: (1) the Trustee should be barred from testifying based on his failure to appear at a deposition; (2) the Trustee may not act as both attorney and witness; (3) the Trustee lacks personal knowledge of the matters to which he will be testifying; and (4) the Trustee may not testify as an expert.

Additionally, the Trustee served trial subpoenas on the Spangenbergs in Minnesota on December 12, 2013 following a court-ordered settlement conference. The Spangenbergs move to quash the subpoenas, arguing they exceed the geographic scope allowed by the recently amended Federal Rule of Civil Procedure 45(c)(1) and (d)(3).

### III. DISCUSSION

**A. Motion in Limine**

    **1. Failure to Appear for Deposition**

---

[2] The Court reserves its right to use an advisory jury for the equitable claims. See Fed. R. Civ. P. 39(c)(1) ("In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury").

Defendants argue the Trustee should be excluded from testifying because he did not appear at a deposition which had been scheduled at the Trustee's request for a date that was after the discovery deadline ordered by the Bankruptcy Court.  When the date for the deposition arrived, the Trustee refused to appear, arguing his attendance was not required because the deposition notice was served after the discovery period, and the Defendants had not sought an extension of the discovery deadlines.  Defendants contend the Trustee's conduct deprived them of the opportunity to depose the Trustee, and asks the Court to sanction the Trustee by excluding his testimony at trial.

Defendants' request to sanction the Trustee for this conduct has been previously considered and rejected by the Bankruptcy Court in May 2012.  See Order Denying Motion for Sanctions, June 20, 2012 [Adversary Proceeding Docket No. 162].  The Bankruptcy Court denied a motion for sanctions filed by Defendants "without prejudice, should the defendants prevail on their motion for summary judgment."  Id.  Defendants did not prevail on their summary judgment motion.  Because the Defendants' request to exclude the Trustee from testifying has already been considered and denied by the Bankruptcy Court, the Court will not reconsider it here.

Although the Trustee's testimony will not be excluded, fairness requires that the Defendants be allowed an opportunity to depose as to the matters to which he will be testifying. Therefore, the Court will order the Trustee to appear at a deposition to be held at a mutually agreed upon date and time no later than March 6, 2014, unless Defendants agree to a later date. The deposition may not exceed four (4) hours in length.

**2.  Attorney as Witness**

Defendants also argue the Trustee may not serve as an advocate and witness in the same proceeding.  Although the Minnesota Rules of Professional Conduct generally preclude a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a witness, an exception is made where "disqualification of the lawyer would work a substantial hardship on the client."  Minn. R. Prof. Conduct 3.7(a)(3).  This exception "recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party."  Id. at Comment 4.  "Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses."  Id.  Here, the Bankruptcy Court authorized the Trustee to act as both trustee and attorney in investigating and litigating the claims against the Defendants.  His testimony regarding the results of his investigation is of substantial importance to his case.  Additionally, the risk of misleading the jury or prejudicing the Defendants can be minimized by a limiting instruction from the Court at the time of trial.

**3.  Personal Knowledge**

Defendants further argue the Trustee had no knowledge of or involvement with Firepond until after all of the events at issue had taken place and thus lacks personal knowledge of the evidence in this case.  For example, Defendants argue the Trustee lacks sufficient knowledge to lay a foundation for the admission of Firepond's business records and has no knowledge of FP Tech's intentions or actions during the time leading up to the foreclosure.

Trustee has personal knowledge of the circumstances he observed while fulfilling his

statutory duty to investigate the financial affairs of Firepond. He will be allowed to testify to those circumstances, as well as to the results of his investigation. If the testimony at trial approaches a matter outside of the Trustee's personal knowledge or an area of required expertise, Defendants may raise an objection at that time. Similarly, Defendants' objections to the admissibility of business records and other documents may be raised at trial and will be addressed by the Court on an exhibit-by-exhibit basis.

### 4. Expert Witness

Defendants also argue that evidence of Firepond's value during the relevant time periods in this case requires testimony from an expert, and the Trustee is not qualified to serve as an expert witness. Defendants further contend the Trustee's method of using the value of Firepond's publicly traded stock to establish Firepond's value is unreliable. However, the cases cited by Defendants to support these arguments involve securities cases in which expert witnesses were required to determine whether the change in a corporation's stock price was attributable to a defendant's wrongdoing or, instead, to unrelated market forces. Those cases require a more complex calculation than is called for here. In this case, the Trustee is simply using Firepond's stock prices to show Firepond's value on the publicly traded market at the time Defendants allegedly initiated their scheme to wrongfully acquire the corporation. "The price at which people actually buy and sell, putting their money where their mouths are, is apt to be more accurate than the conclusions of any one analyst." Metlyn Realty Corp. v. Esmark, Inc., 763 F.2d 826, 835 (7th Cir. 1985). Thus, the market price of Firepond's stock is a reliable source for determining Firepond's value during the time periods at issue, and an expert witness is not required.

**B. Motion to Quash**

Defendants also move to quash subpoenas served on Audrey and Erich Spangenberg on December 13, 2013.  Defendants argue the subpoena fails to comply with the geographic limits provided in Federal Rule of Civil Procedure 45(c)(1).

Rule 45 has recently been amended to limit the distance which a party or party officer may be commanded to attend a trial.  The Committee Notes to the 2013 Amendment explain that courts were previously divided on the issue of whether and how far a party or a party's officer could be compelled to travel to give trial testimony, and the amendment to Rule 45(c) resolves this split.  As amended, Rule 45(c)(1) provides:

> **(c) Place of Compliance.**
>
> > **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> >
> > > (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> > >
> > > (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> > >
> > > > (i) is a party or a party's officer; or
> > > >
> > > > (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).  If a subpoena requires a person to comply beyond these geographical limits, "the court for the district where compliance is required must quash or modify [the] subpoena." Fed. R. Civ. P. 45(d)(3)(A)(ii).

The Trustee argues the amended rule does not apply to this lawsuit because this case was

7

initiated before the amendment came into effect.  However, the amendments to Rule 45 are applicable to all pending civil proceedings "insofar as just and practicable."  Order of Supreme Court, Apr. 16, 2013, available at http://www.supremecourt.gov/orders/courtorders/frcv13_d18e.pdf (last visited Feb. 11, 2014).  The Trustee has not shown that applying the amendments to Rule 45 would be unjust or impracticable.  Indeed, "[a]ctions are always brought in view of the known prior power of the legislature to change or modify rules of procedure at pleasure . . . ."  Campbell v. Iron-Silver Min. Co., 83 F. 643, 646 (8th Cir. 1897).  Additionally, all conduct relevant to the contested subpoenas occurred after the amendments took effect.  Therefore, the amended version of Rule 45 applies to these proceedings.

The Trustee also argues the Spangenbergs, who are Texas residents, may be commanded to attend trial because they are "employed, or regularly transact[] business in person" in Minnesota.  Fed. R. Civ. P. 45(c)(1)(B).  Audrey Spangenberg is the former CEO and current Chair of FPX, which has a registered office in Mankato, Minnesota and maintains office space in Bloomington, Minnesota.  Audrey Spangenberg Aff., Jan. 28, 2014 ("Audrey Aff.") [Docket No. 90] ¶¶ 1, 7.  However, Audrey Spangenberg has submitted an affidavit stating that FPX is headquartered in Texas, and that she is not employed by FPX's Minnesota office.  Id. ¶¶ 6-7.  Erich Spangenberg provides consulting services to FPX through Defendant NMPP, Inc. ("NMPP") and transacts all business by telephone.  Id. ¶ 5.  Thus, the Spangenbergs are not employed in Minnesota.

Courts examine the frequency and duration of a person's business trips over a given period of time to determine whether the visits are sufficient to qualify as regularly transacting

8

business. Compare Bostian v. Suhor Indus., Inc., No. 07-151, 2007 WL 3005177, at *1 (N.D. Okla. 2007) (twice yearly visits insufficient); Nissan Fire & Marine Ins. Co., Ltd. v. Fortress Re, Inc., No. M8-85, 2002 WL 1780084, at *3 (S.D.N.Y. Aug. 14, 2002) (four times in five years insufficient); Regents of the Univ. of Cal. v. Kohne, 166 F.R.D. 463, 465 (S.D. Cal. 1996) (ten times in seven years insufficient); with Halliburton Energy Servs., Inc. v. M-I, LLC, No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006) (four times per year, staying ten days per trip, for a ten-year period sufficient).

Audrey Spangenberg traveled to Minnesota three times to transact business during the past year. Audrey Aff. ¶ 3.[3] She stayed for less than 24 hours in January and April of 2013, when she came to FPX's Minnesota office to introduce a new executive and to announce an executive's promotion. Id. Her third trip lasted two days, when she attend FPX's 30th Anniversary Celebration and Customer Appreciation Conference in October, 2013. Id. Erich Spangenberg also attended the conference for two days, which was his only business trip to Minnesota in 2013. Id. The frequency and duration of the Spangenbergs' business trips to Minnesota more closely resemble those cases in which courts have found that a person does not regularly conduct business in a particular state. Therefore, the subpoenas compelling the Spangenbergs to attend trial will be quashed pursuant to Rule 45(d)(3)(A)(ii). Given the history of this case and the Spangenbergs' role in the transactions at issue, it is the Court's expectation that they will be present at trial even though they cannot be compelled to attend.

---

[3] For purposes of this analysis, the Court does not consider the Spangenbergs' attendance at a court-ordered scheduling conference in Minnesota as an instance of transacting business.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. Defendants' Motion in Limine [Docket No. 76] is **DENIED**.

2. Defendants' Motion to Quash Subpoenas [Docket No. 79] is **GRANTED**.

3. The subpoenas compelling Audrey and Erich Spangenberg's attendance at trial are quashed.

4. The Trustee shall appear at a deposition not to exceed four hours in length, to be held at a mutually agreed upon date and time no later than March 6, 2014, unless Defendants agree to a later date.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 11, 2014.